UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
Jeffrey Wayne Corbett,          )    Case No. 12-80054
                                )
          Debtor.               )

OPINION AND ORDER

This case came before the court on February 9, 2012, for hearing on the Debtor's Request for Automatic Stay to be Extended (the "Motion"). The Debtor appeared pro se, Joseph J. Vonnegut appeared on behalf of SunTrust Mortgage, Inc. ("SunTrust") and Benjamin E. Lovell appeared on behalf of the chapter 13 trustee, Richard M. Hutson, II. Having considered the Motion, the response filed on behalf of SunTrust in opposition to the Motion, pertinent matters of record and the arguments presented at the hearing, the court has concluded that the Motion should be denied.

The filing of the petition in this case was prompted by a foreclosure proceeding instituted by SunTrust involving residential real property located at 116 Congaree Drive, Raeford, North Carolina ("Property"), which was owned by the Debtor. The foreclosure sale was held on January 5, 2012, and a bid was placed at the sale. No upset bids have been filed.

This case is the fifth chapter 13 case commenced by the Debtor since November of 2009. Debtor's first case was commenced in the Middle District of North Carolina (Case No. 09-82060) on November 20, 2009, and was dismissed on February 24, 2010, without

a plan being confirmed and without the Debtor having made any payments in the case. Debtor's second case was commenced in the Northern District of Florida (Case No. 10-40085) on February 3, 2010, and was dismissed on April 29, 2010, without a plan being confirmed and without the Debtor having made any payments in the case. Debtor's third case was commenced in the Western District of North Carolina (Case No. 10-33734) on December 20, 2010, and dismissed on April 15, 2011, without a plan being confirmed. Debtor' fourth case was commenced in the Northern District of Florida (Case No. 11-40614) on August 3, 2011, and dismissed on September 19, 2011, without a plan being confirmed and without the Debtor having made any payments in the case. This case, Debtor's fifth case, was commenced on January 13, 2012. The Motion seeking to "extend" the automatic stay was filed on the same date.

Although not referenced in the Motion, the Debtor apparently is seeking relief pursuant to section 362(c)(4)(B) of the Bankruptcy Code. Under section 362(c)(4)(A), if an individual debtor had two or more cases pending within the previous twelve months and such cases were dismissed, the automatic stay provided for in section 362(a) does not go into effect in the later case. However, if, within thirty days after the filing of the later case, a party in interest requests, the court may order the stay to take effect after a notice and a hearing but "only if the party in interest demonstrates that the filing of the later case is in good

faith as to the creditors to be stayed." If the court orders the stay to take effect, under section 362(c)(4)(C) the effective date of the stay is the date on which the order allowing the stay to go into effect is entered.

Section 362(c)(4)(A) is applicable in the present case because the Debtor had two chapter 13 cases (Case Nos. 10-33734 and 11-40614) that were pending and were dismissed within the twelve months preceding the commencement of this case. As a result, the automatic stay under section 362(a) did not go into effect when this case was commenced.

In order to obtain a stay pursuant to section 362(c)(4)(B), the Debtor is required to demonstrate that the filing of this case was in good faith as to the creditors to be stayed. In order to do so, however, the Debtor must rebut the presumption created by section 362(c)(4)(D)(i)(I), that this case was filed not in good faith. Moreover, section 362(c)(4)(D) requires that the presumption that the case was filed not in good faith be rebutted by clear and convincing evidence to the contrary. The Debtor's only explanation for the filing and dismissal of the four previous cases was that he had tax problems that he says have been resolved. Even by an evidentiary standard of proof by a preponderance of the evidence, Debtor's evidence was insufficient to rebut the presumption that his fifth filing was not in good faith. Debtor's explanation falls far short of explaining the four previous

chapter 13 cases that were filed in three different judicial districts and his failure to confirm a plan in any of those cases or make a single payment in three of the four cases.

Another reason not to grant the Motion is that it would be futile to do so. Under North Carolina law, an upset bid may be submitted following a non-judicial sale under a deed of trust for a period of ten days following the filing of the report of sale with the clerk of superior court. N. C. Gen. Stat. § 45-21.27. No confirmation of a non-judicial foreclosure sale is required under North Carolina law and if no upset bid is filed during the ten-day period, the rights of the parties to the sale "become fixed" pursuant to section 45-21.29A of the General Statutes.[1] "It is at this point in time that the Debtor loses his right to the equity of redemption he had in the Real Estate." In re Smith, 24 B.R. 19, 23 (Bankr. W.D.N.C. 1982). Moreover, the right of a debtor to seek an injunction against the sale becoming final also is lost once the ten-day period following the sale expires. N.C. Gen. Stat. § 45-21.34. The result is that under North Carolina law a debtor's equity of redemption is lost upon the expiration of the ten-day

---

[1]N.C. Gen. Stat. § 45-21.29A provides as follows:

> No confirmation of sales or resales of real property made pursuant to this Article shall be required. If an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in this Article, the rights of the parties to the sale or resale become fixed.

period following the filing of the report of sale if during the ten-day period no upset bid is filed and no injunctive relief is obtained pursuant to section 45-21.34. Similarly, the right to cure a default in a home mortgage under federal bankruptcy law is tied to the expiration of the ten-day upset bid period. Under section 1322(c)(1) of the Bankruptcy Code, a debtor's right to cure a default in a home mortgage ends when a debtor's residence "is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." In North Carolina, a property has been "sold at a foreclosure sale" for purposes of section 1322(c)(1) when the property has been auctioned at a sale that was conducted in accordance with state procedural requirements and the ten-day upset bid period has expired without any upset bids being filed. See In re Barham, 193 B.R. 229 (Bankr. E.D.N.C. 1996).

The foreclosure sale involving the Debtor's Property was conducted on January 5, 2012. Because there was no automatic stay in effect when this case was filed, the ten-day period following the sale on January 5, 2012, continued to run and has long since expired. This means that the Debtor no longer has any right of redemption and no right to cure pursuant to section 1322 of the Bankruptcy Code. Implementing the stay at this time would not change these circumstances and would serve no useful purpose.

Accordingly, the court concludes that the Debtor's Motion to

implement the stay should be overruled and denied.

IT IS SO ORDERED.

This 13th day of February, 2012.

*[signature: William L. Stocks]*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Jeffrey Corbett
221 Delta Court #3
Tallahassee, FL 32303

Joseph J. Vonnegut, Esq.
P.O. Box 2505
Fayetteville, NC 28302

Richard M. Hutson, Chapter 13 Trustee